UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM HOPWOOD,

    Plaintiff,

v.                              CASE No. 8:08-CV-1234-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.* Because the decision of the Commissioner of Social Security fails adequately to evaluate the plaintiff's complaints of shoulder pain, the decision will be reversed and the matter remanded for further proceedings.

I.

The plaintiff, who was fifty-three years old at the time of the hearing and who has a high school education (Tr. 87, 412), has worked as a

---

    *The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

sales clerk, office helper, grounds maintenance worker, and food server (Tr. 122). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to anxiety, depression, seizures, and alcohol abuse (Tr. 82). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "chronic obstructive pulmonary disease ('COPD'); anxiety; polysubstance addiction/abuse; and, seizure disorder" (Tr. 17). The law judge determined that the plaintiff can perform medium work with the following limitations (Tr. 19):

> She can lift a maximum of 50 pounds occasionally and 25 pounds frequently; and stand and walk at least six hours out of an eight-hour workday. Due to a seizure disorder, she can never climb, however, she can perform all the other postural functions frequently. Due to her mental condition, she has a limited ability, but is not precluded from, dealing with others, understanding, remembering, and carrying out detailed and simple instructions, and behaving in an emotionally stable manner.

The law judge concluded that these limitations prevented the plaintiff from performing past work (Tr. 22). However, based upon the testimony of a

vocational expert, the law judge concluded that the plaintiff could perform other work that exists in significant numbers in the national economy, such as assembler, ticket checker, and systems monitor (Tr. 22-23). The law judge therefore decided that the plaintiff was not disabled (id.). The Appeals Council let that decision stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. See 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(e), 416.920(e). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant

can perform other work which exists in significant numbers in the national economy. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.

### III.

The plaintiff challenges the law judge's decision on three grounds, all of which center on the plaintiff's complaints of right shoulder pain. Because the law judge did not adequately evaluate that impairment, reversal is warranted.

In her first argument, the plaintiff contends that the law judge failed to find that her shoulder impairment was severe (Doc. 22, pp. 5-8). The regulations define a nonsevere impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 416.921(a), 404.1521(a). The plaintiff points out that the court of appeals has stated that "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work,

irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).

The plaintiff testified that her shoulder pain feels like the "shoulder's being ripped up" or "torn off," adding that it seems like the bones "are just grinding together" (Tr. 414). She stated that she can comfortably lift about five pounds and that, if she lifts more than that, she has spasms in her shoulder (Tr. 415). She also said that her ability to reach over her head was very bad (id.). In addition, she testified that she cannot push and pull (Tr. 416).

The plaintiff's complaints of right shoulder pain are reflected in the medical records. Thus, she made such complaints from at least May 20, 2005, through the end of the available records on October 27, 2006 (Tr. 294, 320, 345, 346, 348, 353, 356, 362, 363). On that last occasion, the plaintiff sought relief from the pain at a hospital emergency room (Tr. 320-24).

The plaintiff's treating physician, Dr. Madhvi Sisodia, shortly thereafter submitted a treating source statement in which the doctor set forth various functional limitations. With respect to the plaintiff's right shoulder, Dr. Sisodia opined that the plaintiff was limited to lifting and carrying ten

pounds occasionally, and five pounds frequently (Tr. 367), as well as being restricted in reaching, and pushing and pulling (Tr. 368).

The law judge did not find that the plaintiff had a severe impairment of her right shoulder (Tr. 17), and found that the only pertinent physical limitation was a restriction to lifting, and carrying, twenty-five pounds frequently, and fifty pounds occasionally (Tr. 19). As the parties appear to recognize, the law judge implicitly found that the plaintiff's right shoulder condition was not a severe impairment.

The law judge acknowledged in his summary of the evidence the plaintiff's complaints of right shoulder pain (Tr. 20). However, his analysis of that condition was confined to one sentence: "She has complained of right shoulder pain, yet she has a full range of motion of the shoulder" (Tr. 21). This assessment is patently inadequate.

The fact that the plaintiff has a full range of motion of her shoulder does not mean that, when she moves her shoulder, she is free of pain. Thus, the plaintiff could have strong pain in her shoulder even though she is capable of moving her shoulder through a normal range of motion. This is shown by one of the medical notes that indicates that the right

shoulder is painful but that there is a full range of motion (Tr. 345). On the other hand, there has been a report that the plaintiff's range of motion was limited due to pain (Tr. 321). This objective medical finding is inconsistent with the law judge's conclusion that the plaintiff had a full range of motion of the shoulder. In any event, even if the plaintiff normally had a full range of motion of her shoulder, that would not support the law judge's conclusion that the plaintiff had no functional limitation of the shoulder since her capabilities could be restricted due to pain.

Furthermore, it is hard to believe that, even with a full range of motion in her shoulder, the fifty-three year old plaintiff could lift fifty pounds occasionally, and twenty-five pounds frequently, especially if she is suffering from pain in her shoulder. The law judge indicated that he made that determination based upon the opinion of a non-examining reviewing physician rendered in December 2004 (Tr. 405, see Tr. 22). As the plaintiff correctly points out, that opinion was rendered before the medical records reflect the plaintiff's complaints of shoulder pain. Consequently, that opinion is a mistaken basis for the law judge's finding that the plaintiff could perform

medium exertional work with no restrictions on reaching, or pushing and pulling.

The plaintiff also challenges the law judge's discounting of the opinions by Dr. Sisodia. The law judge gave lesser weight to the doctor's assessment, stating (Tr. 21):

> In his assessment, Dr. Sisodia fails to indicate any objective findings to support the assessed physical limitations. Rather, the assessed limitations appear to be based solely upon the claimant's reported problems, and statements from the claimant's physical therapist rather than physical findings.

While the law judge's explanation may have some persuasive force with respect to allegations regarding other impairments, it has no meaningful weight with respect to the plaintiff's complaints of right shoulder pain, since the law judge has not set forth an adequate basis for discounting those complaints. Under this circumstance, Dr. Sisodia's opinion concerning lifting and carrying, reaching, and pushing and pulling provides corroboration of the plaintiff's right shoulder complaints.

For these reasons, the law judge's implicit finding that the plaintiff's right shoulder condition is a nonsevere impairment is seriously

flawed, since the law judge has failed to provide a reasonable basis for that conclusion.

As the Commissioner notes, the issue in this case, which went past step two of the sequential analysis, is not whether the law judge mischaracterized the shoulder condition as a nonsevere impairment, but whether the plaintiff has functional limitations from that impairment. However, a severe impairment is one that significantly limits a claimant's ability to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). Therefore, if, upon a proper evaluation, the plaintiff's shoulder condition is found to be a severe impairment, that would mean she would have significant functional limitations. Accordingly, a proper analysis was essential. Because the evaluation of the plaintiff's shoulder condition was inadequate, reversal is required.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby REVERSED, and the matter REMANDED for further proceedings.

The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 31st day of August, 2009.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE