UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM HOPWOOD,                          :
                                      :
            Plaintiff,                :
                                      :
v.                                    : CASE No. 8:08-CV-1234-T-TGW
                                      :
MICHAEL J. ASTRUE,                    :
Commissioner of Social Security,      :
                                      :
            Defendant.                :
_____  :

ORDER

This cause came on for consideration upon the plaintiff's Petition

for Attorney Fees (Doc. 26) filed by counsel for the plaintiff on November 2,

2009. Having considered the application, the defendant's lack of objection, and

the pertinent factors regarding an award of attorney's fees under the Equal

Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,782.81 in fees

to be paid, by virtue of a fee assignment, to plaintiff's counsel by the defendant.

The applicant represented the plaintiff in this action seeking review

of a denial of Social Security disability benefits and supplemental security

income payments. This matter was reversed and remanded to the Social

Security Administration by order of this court dated August 31, 2009 (Doc. 24). Judgment was therefore entered in favor of the plaintiff (Doc. 25). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 26).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $3,782.81 (Doc. 26). This amount represents 3.15 hours of service before the court in 2008 at an hourly rate of $165.00 and 19.25 hours before the court at an hourly rate of $169.51 in 2009 by attorney Michael Steinberg (id., p. 2; Doc. 26-2). The plaintiff has certified that the defendant has no objection to this payment (Doc. 26, p. 7). Further, the defendant has not filed an opposition to this request. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 22.4 hours for services performed in this case appears reasonable.* Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $165.00 per hour for work performed in 2008 and $169.51 in 2009 (Doc. 26, p. 2). In light of the defendant's lack of objection, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

Finally, it is requested that the attorney's fee be paid directly to plaintiff's counsel (id., p. 1). In <u>Reeves</u> v. <u>Barnhart,</u> 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a social security disability case is payable directly to the plaintiff, not counsel. However, in this case, the plaintiff has agreed to assign the EAJA award to her counsel (Doc. 26-3). Furthermore, the defendant has not raised any opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (<u>see</u> Doc. 26, p. 7). Therefore, by virtue of the fee assignment and the defendant's

---

*It is noted that the plaintiff's itemization of services includes one entry for seventeen and one-half hours (Doc. 26-2). This is not an appropriate itemization of services rendered.

lack of opposition, the award of attorney's fees is payable to plaintiff's counsel in this case.

For the foregoing reasons, the plaintiff's Petition for Attorney Fees (Doc. 26) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$3,782.81** in attorney's fees to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 27th day of November, 2009.

_Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE